IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Sandra Tisdale, ) | |
| ) | Civil Action No. 2:12-765-CWH-BHH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Dolgencorp, LLC d/b/a Dollar General, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the defendant's partial motion to dismiss [Doc. 5], pursuant to Federal Rule of Civil Procedure 12. The plaintiff alleges claims for (1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) racial discrimination in violation of 42 U.S.C. § 1981; (3) violation of the Equal Pay Act of 1963 ("EPA"); (4) breach of contract; and (5) violation of the Fair Labor Standards Act ("FLSA").

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## FACTUAL BACKGROUND

The plaintiff, an African-American female, was hired by the defendant on or about 2004. The plaintiff alleges that the defendant discriminated against her on account of her race in various ways and that in the termination of her employment it violated its own handbook, which constituted a contract for employment.

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should

view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## **DISCUSSION**

The defendant contends that the plaintiff's claim pursuant to the Equal Pay Act should be dismissed. Specifically, the defendant contends that the EPA does not provide for a claim in race discrimination, only gender. The defendant rightly represents. *See* 29 U.S.C. ss 206(d)(1); *Yarborough v. Burger King Corp.*, 406 F. Supp. 2d 605, 609 (M.D.N.C. 2005). Importantly, the plaintiff makes no rejoinder on response.

The claim should be dismissed.

The defendant next contends that the plaintiff has not pled any facts supporting a claim under the Fair Labor Standards Act. The FLSA establishes minimum wage, overtime pay, record-keeping, and child labor standards for employers. 29 U.S.C. §§ 201, *et seq.* The Act requires most employers to pay each employee at least the minimum wage per hour and overtime wages for each hour worked over forty hours in a work week. 29 U.S.C. §§ 206(a)(1), 207(a)(1). The Act also prohibits "oppressive child labor" in the workplace. 29 U.S.C. § 212(c). In her Complaint, the plaintiff has not identified any particular statutory

2

provision or alleged any particular act, which might be considered to have breached the statute. (Compl. ¶¶ 77-81.)

More critically, the plaintiff has not raised her guard, on response, to legitimize the pleading. She has said nothing in retort. The claim is abandoned.

Accordingly, the plaintiff's FLSA claim should be dismissed.

Lastly, the defendant moves for dismissal of the plaintiff's breach of contract claim. The plaintiff claims that the defendant breached an employment contract with her, evidenced by the defendant's handbook, in some undisclosed way. (Compl. ¶¶ 74-76.) There is no dispute that the plaintiff's employment was indefinite in term.

South Carolina law provides that "termination of an at-will employee normally does not give rise to a cause of action for breach of contract." *Conner v. City of Forest Acres*, 560 S.E.2d 606, 610 (S.C. 2002); *Williams v. Riedman*, 529 S.E.2d 28, 32 (S.C. Ct. App. 2000). Under certain circumstances, however, an at-will employment arrangement can be modified by an oral promise, *see Prescott v. Farmers Tel. Co-op., Inc.*, 516 S.E.2d 923, 926 (S.C. 1999), or by "[m]andatory, progressive discipline procedures . . .," *Hessenthaler v. Tri-County Sister Help, Inc.*, 616 S.E.2d 694, 698 (S.C. 2005). The South Carolina Supreme Court has stated that "[m]andatory, progressive discipline procedures may constitute enforceable promises." *Hessenthaler v. Tri-County Sister Help, Inc.*, 616 S.E.2d 694, 698 (S.C. 2005). "Such procedures typically provide that an employee may be fired only after certain steps are taken." *Id.* The supreme court stated further, "When definite and mandatory, these procedures impose a limitation on the employer's right to terminate an employee at any time, for any reason." *Id.*

The plaintiff, here, however, has not identified what contractual provision, contained in the handbook, the defendant might have breached. She has not identified any disciplinary mechanism or any written promise as to the number of hours she was entitled to work. Instead, the plaintiff defends the conceptual possibility that the handbook, generally,

3

constitutes a contract and preemptively argues that no obvious and legally effective disclaimer was used. But, that is not enough. Even if the handbook were a contract, the plaintiff must show that some promise made therein was breached. She has not pled any.

The Court, however, would allow opportunity to amend to make a more definite statement about it, if she can. But, the Court warns that any amendment at this juncture will be even more closely scrutinized for compliance with counsel's obligations pursuant to Federal Rule of Civil Procedure 11 and as an officer of the Court, generally. No generalized allegation should be made with the hopes that future discovery will fill in blanks. And, of course, the truth, itself, should not be stretched. The plaintiff should allege her knowledge as to the facts surrounding any specific provision in the handbook, contractual in quality, which she believes has been breached.

To the extent she cannot, the claim against her should be dismissed.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendant's motion to dismiss [Doc. 5] should be GRANTED in part and DENIED in part. Specifically, the defendant's motion as to the plaintiff's Equal Pay Act and Fair Labor Standards Act claims should be GRANTED. With respect to the plaintiff's breach of contract claim, the motion should be DENIED subject to the effectiveness of any amendment by the plaintiff. The plaintiff should be afforded fifteen (15) days, from the district court's decision concerning this recommendation, to amend her Complaint consistent herewith.

IT IS SO RECOMMENDED.

                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

September 21, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).