IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| SANDRA TISDALE, | ) | |
| | ) | Civil Action No. 2:12-cv-00765-CWH |
| Plaintiff, | ) | |
| | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| DOLGENCORP, LLC d/b/a DOLLAR GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |

On March 15, 2012, the plaintiff, Sandra Tisdale (the "plaintiff"), an African American female, filed this action against Dollar General (the "defendant"), alleging (1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964, (2) racial discrimination in violation of 42 U.S.C. § 1981, (3) violation of the Equal Pay Act of 1963, (4) breach of contract, and (5) violation of the Fair Labor Standards Act. On April 9, 2012, the defendant filed a motion to dismiss for failure to state a claim. (ECF No. 5). On May 3, 2012, the plaintiff filed her response in opposition to the defendant's motion to dismiss. (ECF No. 11). After receiving an extension of time, the defendant filed its reply in support of its motion to dismiss on May 21, 2012. (ECF No. 15).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g), D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation. On September 24, 2012, the magistrate judge issued a report recommending that the defendant's motion to dismiss should be granted in part and denied in part. (ECF No. 16). Specifically, the magistrate judge recommended that the defendant's motion to dismiss the plaintiff's Equal Pay Act and Fair Labor Standards Act claims should be granted. With respect

to the plaintiff's breach of contract claim, the magistrate judge recommended that the defendant's motion should be denied, subject to the effectiveness of any amendment by the plaintiff, and further recommended that the plaintiff be permitted to amend her complaint consistent with the report and recommendation. The magistrate judge specifically advised both parties of the procedures and requirements for filing objections to the report and the serious consequences if they failed to do so. No objections were filed, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 271 (1976). "The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. However, in the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal quotation marks and citation omitted). Furthermore, the failure to file specific written objections to the report and recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).



After reviewing the record of this matter, the applicable law, and the report and recommendation of the magistrate judge, the Court agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts and incorporates the report and recommendation (ECF No. 16) by reference in this Order. The defendant's motion to dismiss (ECF No. 5) is GRANTED in part and DENIED in part. Specifically, the defendant's motion as to the plaintiff's Equal Pay Act and Fair Labor Standards Act claims is GRANTED. With respect to the plaintiff's breach of contract claim, the motion is DENIED, subject to the effectiveness of any amendment by the plaintiff. The plaintiff shall be afforded fifteen (15) days from the date of this Order to amend her Complaint consistent with the report and recommendation.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

October 22, 2012
Charleston, South Carolina

